UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ODELL D. CRAWFORD,<br><br>　　　　　Petitioner,<br>v.<br><br>STATE OF MINNESOTA,<br><br>　　　　　Respondent. | Civil No. 11-2918 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 2001, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on three counts of criminal sexual conduct. He was sentenced to 144 months in prison. It appears that Petitioner has completed his prison term, but he is still on parole or supervised release by reason of his 2001 conviction and sentence.[2]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Because Petitioner is still on parole or supervised release, he is considered to be "in custody" for habeas corpus purposes. Jones v. Cunningham, 371 U.S. 236 (1963).

After Petitioner was convicted and sentenced, he filed a direct appeal that raised several claims for relief. One of the claims challenged the admissibility of certain DNA evidence. The Minnesota Court of Appeals rejected all of Petitioner's claims on the merits, and affirmed his conviction and sentence. State v. Crawford, C4-01-2073, (Minn.App. 2002), 2002 WL 31056664 (unpublished opinion), rev. denied Dec. 17, 2002. Shortly thereafter, Petitioner filed a state post-conviction motion, which also was unsuccessful. See State v. Crawford, No. A03-916, (Minn.App. 2004), 2004 WL 193179 (unpublished opinion), rev. denied, Apr. 20, 2004.

In June 2004, Petitioner filed a habeas corpus petition here in the District of Minnesota, challenging his 2001 state court conviction. Crawford v. Minnesota, Civil No. 04-2822 (JRT/JGL) [hereafter "Crawford I"]. That petition was dismissed on the merits, and with prejudice.[3] The Eighth Circuit Court of Appeals affirmed that ruling on August 20, 2007. Crawford v. Minnesota, 498 F.3d 851 (8th Cir.2007).

At some point during Petitioner's post-conviction proceedings, he learned that his DNA sample had erroneously become involved in a wholly unrelated state criminal case.[3]

---

[3] The District Court's decision in Crawford I is accessible at 2005 WL 1593038.

[3] The Minnesota Court of Appeals has described this error as follows:

"In late 2006, in relation to a different criminal prosecution, [Petitioner] was informed that the BCA analyst who testified in his original trial had mistakenly transferred [Petitioner's] DNA sample to a different defendant's sample. The error came to light during the other prosecution. The error was not noted in [Petitioner's] BCA file and was not previously known to the original prosecutor or to [Petitioner's] counsel."

Crawford v. State, No. A09-1373 (Minn. App. 2010), 2010 WL 2899131 at * 1 (unpublished opinion), rev. denied, Oct. 19, 2010.

Petitioner cited this new DNA error evidence in two later state post-conviction proceedings, both of which were unsuccessful. See Crawford v. Fabian, No. A07-2410, (Minn.App. 2008), 2008 WL 4850071 (unpublished opinion); Crawford v. State, No. A09-1373 (Minn. App. 2010), 2010 WL 2899131 (unpublished opinion), rev. denied, Oct. 19, 2010.

Petitioner filed his current federal habeas corpus petition on October 4, 2011. In this case, Petitioner is once again attempting to challenge his 2001 state court conviction for criminal sexual conduct. The current petition lists two grounds for relief, both of which are based on the "new evidence" pertaining to the erroneous use of Petitioner's DNA sample in an unrelated case. Petitioner claims that his constitutional rights were violated, because (1) the prosecution failed to disclose the evidence regarding the erroneous use of his DNA sample, and (2) he was denied a fair trial because that evidence was not available to him at trial. (Petition, [Docket No. 1], p. 4 and attachment.)

However, Petitioner's current habeas corpus claims cannot be addressed on the merits, because he is challenging the same conviction that was before the Court in Crawford I. As discussed more fully below, the Court finds that Petitioner has filed a "second or successive petition," which cannot be entertained at this time.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[4] Under that rule, a federal district court cannot entertain a second

---

[4] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. **[Continued....]**

3

or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in

---

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second application for federal habeas corpus review of his 2001 state court conviction for criminal sexual conduct. Because Petitioner's previous federal habeas petition was dismissed with prejudice in Crawford I, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 129 S.Ct. 1305 (2009).

The Court recognizes that Petitioner's current claims for relief are based on alleged "new evidence," which apparently was not known to Petitioner when he filed his previous petition in Crawford I. Petitioner might believe that he should be automatically allowed to

raise his "new evidence" claims in a new habeas petition, because those claims were unavailable to him when he filed his first habeas petition. However, that notion must be rejected, because even claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the apposite court of appeals). Again, the United States District Court for the District of Minnesota cannot entertain any habeas corpus claims challenging the conviction at issue here, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a second habeas petition.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Eighth Circuit that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 4, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[5] Petitioner

---

[5] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court

should carefully note, however, that <u>this District Court will not entertain any future habeas corpus petition pertaining to his 2001 state court conviction for criminal sexual conduct, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)</u>.[6]

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"), (Docket No. 2), be summarily denied. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see</u> <u>also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per</u> <u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

---

of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[6] Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the <u>timeliness</u> of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to be in compliance with the one-year statute of limitations, (<u>see</u> 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: October  6, 2011

                                                 s/ *Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 20, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.